**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAN GOODRICK,<br><br>              Plaintiff - Appellant,<br><br>v.<br><br>TEREMA CARLIN; et al.,<br><br>              Defendants - Appellees. | No. 13-35923<br><br>D.C. No. 1:10-cv-00603-EJL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted August 25, 2015[**]

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Idaho state prisoner Dan Goodrick appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging various constitutional claims arising out of his disciplinary hearing and a strip search. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Goodrick's retaliation claims because Goodrick failed to raise a genuine dispute of material fact as to whether defendants' decisions to discipline him did not advance legitimate correctional goals. *See Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005) (elements of retaliation claim).

The district court properly granted summary judgment on Goodrick's due process claims because Goodrick failed to raise a genuine dispute of material fact as to whether his placement in administrative segregation following disciplinary convictions implicated a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484, 486 (1995) (concluding that "discipline in segregated confinement does not present the type of atypical, significant deprivation" required to create a liberty interest); *see also Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (procedural protections apply to disciplinary proceedings "only when the disciplinary action implicates a protected liberty interest").

The district court properly granted summary judgment on Goodrick's Fourth and Eighth Amendment claims arising out of a strip search because Goodrick failed to raise a genuine dispute of material fact as to whether the search was unreasonable, or undertaken with deliberate indifference to his health and safety.

*See Bell v. Wolfish*, 441 U.S. 520, 559 (1979) (factors to be considered when evaluating whether search was unreasonable under Fourth Amendment); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (concluding that a "prison official cannot be found liable [under the Eighth Amendment]. . . unless the official knows of and disregards excessive risk to inmate health or safety").

The district court did not abuse its discretion by denying Goodrick's motion to strike evidence of his prior convictions because the evidence was relevant and offered to show defendants' knowledge. *See El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1038 (9th Cir. 2003) (setting forth standard of review); *see also* Fed. R. Evid. 404(b)(2) (prior conviction evidence may be admissible to show knowledge).

The district court did not abuse its discretion by denying Goodrick's motions for appointment of counsel because Goodrick did not demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirements for appointment of counsel).

The district court did not abuse its discretion by denying Goodrick's motion to compel because Goodrick failed to establish actual and substantial prejudice. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and requiring a showing of "actual and substantial prejudice" resulting from the denial of discovery (citation and internal quotation marks omitted)).

13-35923

We reject as unsupported by the record Goodrick's argument that the district court failed to consider his exhibits or to make them part of the record.

We do not consider arguments and allegations raised for the first time on appeal or in the reply brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**